MARY DRYOVAGE, (SBN 112551)
Law Offices of Mary Dryovage

600 Harrison Street, Suite 120
San Francisco, California 94107
Telephone: (415) 593-0095
Facsimile: (415) 593-0096
Email: mydryovage@igc.org

Attorney for Plaintiff KAREN S. O'MARA

BENJAMIN B. WAGNER (SBN 163581)
United States Attorney
SYLVIA QUAST (SBN 159011)
Assistant U.S. Attorney

501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
Email: sylvia.quast@usdoj.gov

Attorneys for Defendant KEN SALAZAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN S. O'MARA, | Docket No. CV-10-1378 DMR |
| Plaintiff, | |
| v. | STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER |
| KEN SALAZAR, SECRETARY OF THE U.S. DEPARTMENT OF INTERIOR, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff KAREN S. O'MARA (hereafter "O'Mara" or "plaintiff") and defendant KEN SALAZAR, SECRETARY OF THE U.S. DEPARTMENT OF INTERIOR (hereafter "Interior"), by and through their undersigned counsel, as follows:

Stipulation and Agreement for Compromise and Settlement
*O'Mara v. Salazar*, 4:10-cv-01378-DMR        1

1     WHEREAS, O'Mara is a female who was employed by the U. S. Geological Survey ("USGS") since April 2001 and she has worked as a Finance Technician from April 2, 2006 to the present.

    WHEREAS, O'Mara received performance awards, commendations and performance ratings throughout her career.

    WHEREAS, in April 2010, O'Mara commenced this lawsuit, alleging discrimination based on gender and gender plus age, hostile work environment and retaliation for protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-16 *et seq.* (Title VII) and the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* (ADEA).

    WHEREAS, the parties now desire to avoid the expense, burden and delay of litigation, and to resolve all of O'Mara's claims, charges and any and all lawsuits and claims brought by O'Mara against Interior fully and forever in consideration of the promises contained herein.

NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1.     In exchange for the promises by O'Mara in this Agreement and complete settlement of this matter, the Secretary of the Department Interior agrees to:

    A.    Pay the sum of $25,000.00 to plaintiff under the terms and conditions set forth herein.

    B.    Defendant will have the plaintiff's GS-8 Financial Tech position description audited by a USGS Classifier to ensure that it is properly classified and graded. If the classifier determines that the position should be graded as a GS-09, the defendant shall promote plaintiff to the GS-09 grade level.

    C.    In the event that the classification audit does not result in upgrading plaintiff's position to a GS-09, defendant will give priority consideration to plaintiff for the next available GS-09 Budget Analyst or Financial Specialist position with the U.S. Geological Survey that is filled within the next two years for which plaintiff is on the certification list in the local commuting area. For purposes of this paragraph, "priority consideration" means that the plaintiff's application package will be reviewed by the selection official prior

        to any other applicant being considered. "Priority consideration" does not mean that plaintiff is guaranteed selection for a position for which she was given priority consideration.

2. O'Mara and her heirs, executors, administrators, assigns and attorneys hereby agree to accept the sum set forth in Paragraph 1, in full and final settlement and satisfaction of the claims raised in this action under the terms and conditions set forth herein.

3. It is also agreed, by and among the parties, that the sum set forth in Paragraph 1 represents the entire amount payable to O'Mara and her heirs, executors, administrators, assigns and attorneys.

4. It is also agreed, by and among the parties, that the sum set forth in Paragraph 1 shall be made payable to O'Mara's counsel, Mary Dryovage, Esq. and Karen S. O'Mara. The checks will be mailed to O'Mara's attorney at the following address: Mary Dryovage, Esq., Law Offices of Mary Dryovage, 600 Harrison Street, Suite 120, San Francisco, CA 94107.

5. It is also agreed by and among the parties that neither O'Mara nor her attorney may make any claim for attorney's fees or other costs against Interior, the United States, their agents, servants, or employees.

6. In consideration of the receipt of the sums set forth in Paragraph 1, O'Mara agrees that she will immediately upon execution of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in this action or any claims that could have been asserted in this action, which is captioned *Karen S. O'Mara v. Kenneth L. Salazar, Secretary, U.S. Dept of Interior*, Case No. 4:10-cv-01378-DMR. The fully executed Stipulation of Dismissal will be held by counsel for Interior and will be filed with the Court upon receipt by O'Mara's counsel of the settlement amount.

7. In consideration of the receipt of the sums set forth in Paragraph 1, O'Mara hereby releases and forever discharges Interior and any and all of its past and present officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown,

1 foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts,
2 circumstances and subject matter that gave rise to this action, including all claims under Title VII
3 of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, and the Age
4 Discrimination in Employment Act of 1967 and any other claim O'Mara could have asserted
5 regarding the events of this lawsuit.

6     8. In consideration of the payment of the sum set forth in Paragraph 1, O'Mara further
7 agrees that she may not and will not use or rely on the incidents and actions underlying the events
8 at issue to prove any other claims against Interior in any other lawsuit.

9     9. O'Mara represents and warrants that there has been no assignment or other transfer
10 of any interest in any claim that O'Mara may have against Interior or any of its past or present
11 officials, employees, attorneys or agents, and O'Mara agrees to indemnify and hold them harmless
12 from any liability, claims, demands, costs, expenses and attorneys' fees incurred by them or any of
13 them as a result of any person asserting any such assignment or transfer.

14     10. The provisions of California Civil Code Section 1542 are set forth below:

16        A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

18 O'Mara having been apprised of the statutory language of Civil Code Section 1542 by her
19 attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all
20 rights she may have pursuant to the provision of that statute and any similar provision of federal
21 law. O'Mara understands that if the facts concerning O'Mara's injury and the liability of Interior,
22 or the Interior's agents, servants, or employees, for damages pertaining thereto are found hereafter
23 to be other than or different from the facts now believed by them to be true, this agreement shall be
24 and remain effective notwithstanding such material difference.

25     11. O'Mara acknowledges that she has been given twenty-one (21) calendar days within
26 which to review and consider this agreement and understands that she has seven (7) calendar days
27 within which to revoke her acceptance of this agreement. Any such revocation must be made in
28 writing and delivered to counsel for Interior on or before the seventh calendar day after O'Mara

signs this agreement. O'Mara further represents that she has conferred with her attorney prior to executing this agreement, she has examined and understands the provisions of 29 U.S.C. § 626(f)(1), and that the requirements of those provisions are fully met and satisfied in connection with this agreement.

12. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of Interior or its officers, agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

13. This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

14. If any withholding or income tax liability is imposed upon O'Mara based on payment of the settlement sum as set forth herein in paragraph 1A, O'Mara shall be solely responsible for paying any such liability. The settlement amount in paragraph 1A will be considered and treated as general damages for personal injury, including allegations of emotional injury and for reimbursement of attorneys fees and costs of the litigation. This amount will not be considered or treated as back wages.

15. Counsel for Interior shall submit a Voucher for Payment and supporting documents to the Judgment Fund for payment of the sum set forth in paragraph 1A to O'Mara within seven days after receipt of a fully signed Agreement.

16. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

17. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this agreement and that they have had the contents of this agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is

agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

18. Notwithstanding any other provision of this Agreement, nothing in this agreement shall have any adverse effect upon O'Mara's right and ability to continue to collect wages, employment benefits and medical benefits.

19. Except as it relates to the consideration to O'Mara as set forth in this agreement in paragraph 1, if any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

20. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

21. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

22. This agreement may be signed in one or more counterparts, each of which shall be deemed to be an original and all of which together shall constitute one and the same instrument.

FOR THE PLAINTIFF:

Dated: 10/13/10

KAREN S. O'MARA
Plaintiff

Dated: 10/13/10

By: MARY DRYOVAGE
Attorney for Plaintiff

FOR THE DEFENDANT:

Dated: 10/13/2010

KEITH PRINCE,
Chief, Branch of Regional Research,
Western Region, USGS

Stipulation and Agreement for Compromise and Settlement
*O'Mara v. Salazar*, 4:10-cv-01378-DMR        6

Dated: 10/13/2010     By:

BENJAMIN WAGNER
United States Attorney

SYLVIA QUAST
Assistant United States Attorney
Attorney for Secretary of the Department of Interior

**ORDER**

IT IS SO ORDERED.

Dated: 10/15/2010

HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

Stipulation and Agreement for Compromise and Settlement
*O'Mara v. Salazar*, 4:10-cv-01378-DMR            7